IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | CASE NUMBER 6:19-CR-00042-JCB |
| v. | § § § § | |
| JAQUALYN KEEYUN RANDALL, | § § | |

### AMENDED REPORT & RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation issued on April 15, 2021 (Docket No. 65) is withdrawn and the following is substituted in its place.

On April 13, 2021, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jaqualyn Keeyun Randall. The government was represented by Lucas Ryan Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Gerald Smith.

Defendant originally pled guilty to the offense of Possession of a Stolen Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range based on total offense level of 15 and criminal history category of II, was 21 to 27 months. On November 19, 2020, District Judge J. Campbell Barker sentenced Defendant to 24 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include drug testing and treatment, mental health treatment, financial disclosure, obtaining a high school equivalency certificate, and a $100 special

assessment. On December 16, 2020, Defendant completed the term of imprisonment and began his term of supervised release.

In its petition, the government alleges that Defendant violated his conditions of supervised release by: (1) failing to gain and secure employment; (2) failing to make a payment towards the $100 special assessment fee; (3) failing to obtain a high school equivalency certificate; (4) failing report to the probation officer as instructed on three occasions; (5) failing to submit a monthly report for February 2021; (6) failing to establish a stable residence; (7) having contact with convicted felons and others involved in criminal activity; and (8) failing to report for drug testing on February 26, March 3, March 10, and March 15, 2021.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release as referenced above, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the Court may (1) revoke probation or supervised release; or, (2) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pleaded true to Allegation One. Doc. No. 59. In exchange, the government recommend to the court a term of imprisonment of 4 months with 18 months supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Jaqualyn Keeyun Randall's plea of true be accepted and he be sentenced to 4 months imprisonment, with 18 months supervised release to follow. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, if available.

**So ORDERED and SIGNED this 16th day of April, 2021.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE