**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:19-CR-00042-JCB** |
| **v.** | § | |
| | § | |
| | § | |
| **JAQUALYN KEEYUN RANDALL,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On May 25, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jaqualyn Keeyun Randall. The government was represented by Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Chad Morgan.

Defendant originally pled guilty to the offense of Possession of a Stolen Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on total offense level of 15 and criminal history category of II, was 21 to 27 months. On November 19, 2020, District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to 24 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, mental health treatment, and acquisition of a GED. On December 16, 2020, Defendant completed his term of imprisonment and began his term of supervision. On April 16, 2021, Defendant's supervised release was revoked, and he was sentenced to four months imprisonment with 18 months of supervised release to follow.

1

Under the terms of supervised release, Defendant's probation officer was permitted to visit him any time anywhere and was permitted to collect any items prohibited by the conditions of Defendant's supervision that the officer observed in plain view. In Allegation 3 of its petition, the government alleges that Defendant violated his conditions of supervised release on January 25, 2022, because he was not home for a scheduled home visit with his probation officer.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by missing a scheduled home visit with his probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 3 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 10 months imprisonment, with credit for time served and no supervised release to follow, to run consecutively to the term of imprisonment imposed in 6:22-CR-00012.

The court therefore **RECOMMENDS** that Defendant Jaqualyn Keeyun Randall's plea of true be accepted and that he be sentenced to 10 months imprisonment, with credit for time served from January 25, 2022 and no supervised release to follow, to run consecutively to the term of imprisonment imposed in 6:22-CR-00012. The court further **RECOMMENDS** that the place of

confinement be FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 26th day of May, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE